NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Stefan PAPESKOV, | |
| Plaintiff, | Civil No. 11-1154 (AET) |
| v. | **OPINION & ORDER** |
| SANTANDER CONSUMER USA; ACME NISSAN, INC.; NISSAN MOTORS ACCEPTANCE CORP.; CHASE AUTO FINANCE; PNC BANK AUTO FINANCE; BANK OF AMERICA, N.A.; CAPITAL ONE AUTO FINANCE; AMERICREDIT, | |
| Defendants. | |

THOMPSON, U.S.D.J.

I. INTRODUCTION

This matter has come before the Court upon Defendant Santander Consumer USA's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [docket # 3]. Plaintiff has not filed an opposition. The Court has decided the motions upon Defendant's unopposed submissions and without oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reasons stated below, the Rule 12(b)(1) motion to dismiss is granted, and the Rule 12(b)(6) motion to dismiss is denied as moot.

II. BACKGROUND

This case arises out of Plaintiff's financing of a 2011 Nissan Rogue. Plaintiff claims that the Acme Nissan dealership swapped out financing agreement forms in order to charge a higher monthly rate and that the car was later unlawfully repossessed. (*See* Compl. 2 ("Hasted to sign, in

ensuing family feud, I learned that not car alone, forms were swapped—from LESS THAN $2000 w/tax, 0%, **72x$180**, to MORE THAN $25000, 16%, **72X$386** rates[.]" (emphasis in original))); (*id.* at 4 ("[Acme Nissan, Inc.'s employee] *Jaskoski* marked spare ignition key '*REPO Santander*', prompted bounty carjackers to steal the car, after looting $8000 deposit atop of his seller's commission.")).  According to a December 2010 waiver agreement attached to the Complaint, Plaintiff "abandoned his vehicle at Acme Motors Inc. . . . [,] removed and kept the license plates and gave Acme Motors only one key[,]" at which point Acme commenced a repossession process.  (*See* Compl. Ex 3.)  In that agreement, Plaintiff states that he "agrees[s] to proceed with paying Santander Auto Finance monthly payments as stated on the retail finance agreement" and that he will "hold Acme Motors Inc. harmless" in future litigation.  (*Id.*)  However, Plaintiff's Complaint alleges that he was "coerced to sign" this "cynically worded Waiver of Rights[.]"  (Compl. 3.)[1]

    Plaintiff filed his Complaint [1] on February 25, 2011, against Santander Consumer USA, Acme Nissan, Inc., Nissan Motors Acceptance Corp., Chase Auto Finance, PNC Bank Auto Finance, Bank of America, N.A., Capitol One Auto Finance, and Americredit.  On April 21, Defendant Santander Consumer USA moved to dismiss.  Plaintiff failed to submit an opposition brief by the required deadline, and this Court sent Plaintiff a letter stating that he would have until May 24, 2011 to file an opposition [5].  Plaintiff has not filed an opposition, and accordingly we will deem Defendant's motion unopposed.

---

[1] It is difficult to discern a more detailed factual background, given that the Complaint is generally convoluted and incomprehensible.  (*See, e.g.*, Compl. 1 ("Sadistic *roulette* with rights and lives, making brokerage industries of sharking and conceals, tears and suicides, here marauding disabled of all pension till the final Act of God and denying access to forgeries that might've exposed crime to help better defend rights . . . [.]")); (*id.* at 3 ("ASAP, nonstop, and every forum possible, I protested: CHASE consultant denounced CHASE-Logoed phony, unsigned on original 'contract[.]'")); (*id.* ("Swinging Fists of Fury as Nazi's Archival Bulldog of Leipzig Goebbels, while holding hostages both of us, our cash and the car locked underground, Jaskoski and Narcisi denied any copy, vowed to ruin our credits, coerced to sign . . . .")).

III. ANALYSIS

**A. Rule 12(b)(1) Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(1), a Defendant may move at any time to dismiss the Complaint for lack of subject matter jurisdiction on either facial or factual grounds. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). In analyzing a facial challenge, a court "must consider only the allegations of the complaint and documents attached thereto, in the light most favorable to the plaintiff." *Id.* (citing *Mortensen*, 549 F.2d at 891). In considering a factual challenge, however, a court "may consider evidence outside of the pleadings." *Id.* (citing *Mortensen*, 549 F.2d at 891). Regardless of the type of challenge, the plaintiff bears the "burden of proving that the court has subject matter jurisdiction." *Cottrell v. Heritages Dairy Stores, Inc.*, No. 09-1743, 2010 WL 3908567, at *2 (D.N.J. Sep. 30, 2010) (citing *Mortensen*, 549 F.2d at 891). Here, Defendant Santander Consumer USA brings a facial challenge, (*see* Def.'s Mem. in Supp. of Mot. to Dismiss Pl.'s Compl. 3), so we consider whether Plaintiff's Complaint sufficiently alleges facts which, if accepted as true, would create subject matter jurisdiction.

Federal Rule of Civil Procedure 8(a) requires a plaintiff in a federal action to set forth a "short and plain statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. P. 8(a). There are two traditional bases for subject matter jurisdiction in federal court: federal question jurisdiction and diversity jurisdiction. *City of Newark v. Lawson*, 346 F. App'x 761, 763 (3d Cir. 2009). Federal question jurisdiction applies to those civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *U.S. Express Lines Ltd. v. Higgins,* 281 F.3d 383, 389 (3d Cir. 2002). This type of jurisdiction exists only if a federal question is presented on the face of the complaint. *Club Comanche, Inc. v. Gov't of V.I.*, 278 F.3d 250, 259 (3d Cir. 2002) (citation omitted). Diversity jurisdiction applies to "civil actions where

the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between [] citizens of different States." U.S.C. § 1332(a)(1). Under the generally applicable rule requiring "complete diversity," no plaintiff may be a citizen of the same state as any defendant. *Kaufman v. Allstate N.J. Ins. Co*., 561 F.3d 144, 148 (3d Cir. 2009) (citing 28 U.S.C. § 1332(a)(1) and *Strawbridge v. Curtiss*, 7 U.S. (1 Cranch) 267, 267 (1806)); *see also Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010) (stating that diversity jurisdiction requires that "every plaintiff be diverse from each defendant"). As detailed below, Plaintiff's Complaint fails to satisfy the requirements of either federal question jurisdiction or federal diversity jurisdiction.

### 1.  Lack of Federal Question Jurisdiction

Plaintiff's Complaint fails to properly assert a federal question. The Complaint's heading lists two federal statutes: 42 U.S.C. § 1983 and 28 U.S.C. § 214. However, nowhere in the Complaint does Plaintiff allege any facts that would support a claim arising under either of these statutes.

Section 1983 provides an individual Plaintiff with a private cause of action where a state official has violated that individual's constitutional rights. The statute provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To state a claim under § 1983, "a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a 'person' acting under color of state law." *Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Here, Plaintiff fails to allege facts suggesting state action as required of § 1983 claims. Indeed, it is difficult to imagine how

Plaintiff would allege action under color of state law, given that all of the Defendants are private corporations and none are government officials. Plaintiff also fails to allege a deprivation of any Constitutional right as required by § 1983. Thus, Plaintiff cannot claim federal question jurisdiction based on § 1983.

As to 28 U.S.C. § 214, that statute previously authorized the Court of Customs and Patent Appeals to hold court at such time and places as it might fix by rule. The purview of § 214 is thus clearly unrelated to those facts we were able to glean from Plaintiff's largely unintelligible Complaint. More importantly, § 214 was repealed in 1982 and, therefore, fails to provide a basis for a federal claim.

### 2. Lack of Federal Diversity Jurisdiction

Plaintiff's Complaint also fails to satisfy the requirements of diversity jurisdiction. The caption of the Complaint states that Plaintiff's address is "17 Vermeer Dr. Apt. 17, So Amboy, NJ 08879." The caption also indicates that Defendant Acme Nissan, Inc.'s address is "2050 Hwy 130, So Brunswick, NJ 08852." Because both the Plaintiff and Defendant Acme Nissan, Inc. are located in New Jersey, the requirement of complete diversity is not satisfied here.

Given that Plaintiff's Complaint does not satisfy federal question jurisdiction or federal diversity jurisdiction, we must dismiss the Complaint for lack of subject matter jurisdiction under Rule 12(b)(1).

### B. Rule 12(b)(6) Motion to Dismiss

Having concluded that dismissal is warranted under Rule 12(b)(1) for lack of subject matter jurisdiction, we need not consider Defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Wyeth & Cordis Corp. v. Abbott Labs*., No. 08-0230, 2008 WL 2036805, at *2 (D.N.J. May 8, 2008) (stating that if a court "must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses become moot and need not be addressed."

(quoting *Pashun v. Modero*, No. 92-3620, 1993 WL 185323 (D.N.J. May 26, 1993)).  Thus, the Rule 12(b)(6) motion is denied as moot.

### B. Application to Proceed *In Forma Pauperis*

The Court notes that Plaintiff submitted with the Complaint an application to proceed *in forma pauperis* [1-2].  The *in forma pauperis* statute allows suits to proceed without prepayment of fees or security if the plaintiff submits an affidavit of poverty stating the nature of the action and the plaintiff's belief that he or she is entitled to redress.  28 U.S.C. § 1915(a)(1).  In light of the Court's finding that it lacks subject matter jurisdiction, the motion to proceed *in forma pauperis* is denied as moot.

### V. CONCLUSION

For the reasons stated above, and for good cause shown,

IT IS on this 15th day of June, 2011,

ORDERED that Defendant Santander Consumer USA's Rule 12(b)(1) Motion to Dismiss [docket # 3] is GRANTED; and it is further

ORDERED that Defendant Santander Consumer USA's Rule 12(b)(6) Motion to Dismiss [docket # 3] is DENIED as moot; and it is further

ORDERED that Plaintiff's application to proceed *in forma pauperis* [docket # 1-2] is DENIED as moot; and it is further

ORDERED that Plaintiff's Complaint is hereby DISMISSED.

                                               */s/ Anne E. Thompson*
                                               ANNE E. THOMPSON, U.S.D.J.